LINDA TIRELLI
COUNSEL FOR DEBTOR, PENDING COURT APPROVAL
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**IN THE MATTER OF**                                    :
                                                        :
                                                        :    **CHAPTER 7**
**DOMINGO HERNANDEZ,**                                   :    **CASE NO: 09-23833 (RDD)**
                     **DEBTOR**                          :
----------------------------------------------------------------- **X**

---

## MOTION TO SUBSTITUTE ATTORNEY; AND
## MOTION TO STRIKE PETITION; AND MOTION FOR SANCTIONS AND FEES

   **NOW COMES** the debtor, Mr. Domingo Hernandez by and through Linda M. Tirelli, and respectfully moves the Court pursuant to Rules 2016, 9010(b) and 9013of the Federal Rules of Bankruptcy Procedure for an entry of an order approving the substitution of Linda M. Tirelli as the attorney of record for the Debtor, to discharge Jan H. Riley AND Cabanillas & Associates as attorney of record for the debtor.


1.This case was commenced by the filing of a chapter 7 petition with the Clerk of this Court

on October 1, 2009. (Petition attached as Exhibit "A")


2. Said filing was done by the hand of third parties, namely Attorney Jan Hudgins Riley,

Attorney Christopher Cabanillas, and the law firm of Cabanillas & Associates, without the

knowledge or consent of the Debtor, Domingo Hernandez.


3.  The petition as filed by Attorney Jan Hudgins Riley and Cabanillas & Associates was done

in what can only be described as an underhanded, negligent and/or fraudulent manner for

no legitimate purpose whatsoever.

4.  The petition is incomplete and replete with gross errors which further indicates the Debtor never had the opportunity to read and sign the same prior to filing.  Said errors include but are not limited to the following:

    a.  Debtor's name is incorrectly presented as " Domingo Hernandez, Sr.";

    b.  Debtor's home address is incorrect;

    c.  Debtor is a resident of Bronx County and thus the proper division of the US Bankruptcy Court S.D.N.Y. is not White Plains;

    d.  Debtor's purported mortgage lender is listed on Schedule F as an unsecured non-priority creditor on BOTH the original petition and subsequent amended Schedule F;

    e.  Debtor would like to retain his real estate and cure mortgage arrears and thus the Chapter 7 is the improper chapter.

    f.  Debtor did not sign an original bankruptcy petition, yet his electronic signature appears on the electronically filed petition;

    g.  The petition incorrectly indicates that a certificate of credit counseling is not required in this district;

    h.  The debtor has never met, has never consulted and does not know Attorney Jan Hudgins Riley, the Attorney currently named as Debtor's Counsel.

    i.  The debtor does not know and has never met a Bankruptcy Petition Preparer named " Evan Smith" as indicated on page 3 of the petition.

    j.  The petition is further faulted in that it was filed with the required schedules, filing fees and certificate of credit counseling as reflected in the Deficiency Notice issued by the Clerk of this Court. (attached here to as Exhibit "B")

5.  As set forth and further explained in the Debtor's Affidavit attached hereto and incorporated herein, the Debtor sought the services of Attorney Christopher Cabanillas of the law firm of Cabanillas & Associates to defend a pending foreclosure action.  The

foreclosure action pertains to a property owned by the Debtor located in Yonkers, New York where the Debtor's parents reside. Attorney Christopher Cabanillas indicated, if not boasted, that he utilizes a "special program" to hold off foreclosure for as long as 18-24 months. That in holding off the foreclosure, the Debtor would not have to pay the mortgage payments or the home owners insurance and be able to use the time to accumulate funds.

6. That Attorney Christopher Cabanillas further advised the Debtor that he would appear in Court as the Debtor's attorney in the foreclosure proceedings and represent the Debtor by defending the foreclosure action. In fact, Attorney Christopher Cabanillas told the Debtor that he had gone to court on multiple occasions "fighting vigorously" in defense of the foreclosure and that because he spent so much time in Court, Attorney Cabanillas needed the Debtor to pay the balance of the legal fees immediately or risk losing Attorney Cabanillas as his attorney. Attached hereto as Exhibit "B" are the Case Details pertaining to the pending foreclosure action bearing Index Number 003295/2009 in the Westchester Civil Supreme Court. According to the Court records, Attorney Cabanillas never so much as filed a notice of appearance let alone actually present himself in Court to defend the action he accepted a fee to so defend.

7. That Attorney Christopher Cabanillas further advised the Debtor that he would effectuate a modification of the mortgage loan with a reduction in principal and low interest rate. At no time did Attorney Cabanillas, or anyone else tell the debtor that filing a fraudulent bankruptcy petition would be an integral part of the "special program." Furthermore, while the retainer agreement does mention Attorney Jan Hudgins Riley as someone who might assist in the foreclosure defense, to the extent she filed a bankruptcy petition it is unknown how or who is to have paid her for doing so and whether or not the same constitutes fee sharing, as prohibited under the bankruptcy code. In any event, the Debtor was not privy

to any arrangements between the third parties and has not willingly participated in the filing or preparation of the filed petition.

8. The debtor did retain the law firm of Cabanillas & Associates and paid the sum of $1250.00 towards a total fee of $7500.00 for legal services to include foreclosure defense. A copy of the retainer agreement and invoice documenting the payment is attached to the affidavit of the Debtor.

9.  At no time did the Debtor receive any consultation regarding filing a bankruptcy petition, nor did the Debtor retain Attorney Jan Hudgins Riley, Attorney Christopher Cabanillas, and/or the law firm of Cabanillas & Associates, PC for bankruptcy services.

10. That the Debtor does not wish to seek protection under Chapter 7 of the US Bankruptcy Code at this time and does not wish to be precluded from seeking Bankruptcy protection under Chapter 7 in the future as circumstances may require.

11.  That to the extent the Debtor never intended nor authorized or consented to the filing of a bankruptcy petition and that in fact a petition was so filed without the knowledge, consent or authority of the Debtor, the Debtor requests the Court strike the petition without prejudice to the Debtor.

12.  The debtor has been caused to seek assistance of the undersigned, Attorney Linda Tirelli, to make sense of the sordid details and has requested that she be substituted as attorney of record.  This is a non-standard motion and requires additional time and attention by way of correspondence with the local assigned Chapter 7 Trustee's office and the Office of the United States Trustee.

13.  Linda M. Tirelli is not aware of any conflict or reason she would not be able to represent the Debtor in the instant matter.

14.  Attorney Linda Tirelli has not agreed or arranged the sharing of any fees, whatsoever.

15.  The Debtor further hereby respectfully retains his right to seek additional damages against the offending parties, namely Jan Hudgins Riley, Christopher Cabanillas and Cabanillas & Associates, PC, to the extent such other claims may exist whether or not the same are presently known or perceived.  The instant motion is not a waiver of rights by the debtor.

**WHEREFORE,** the debtor respectfully prays of the Court as follows:

A.  That the debtor's Motion To Substitute Attorney for Debtor; AND

 Motion to Strike Petition AND Request For Fees be GRANTED;

B.   That the Debtor's non-base legal fees in the amount of $3500.00 be awarded and paid to Linda M. Tirelli by Attorney Jan Hudgins Riley and/or Attorney Christopher Cabanillas and/or Cabanillas & Associates, PC within 3 days of the entry of such Order of this Court; and

C.  That the Debtor be awarded such sanctions and further relief as to the Court may deem just and proper.

Dated this the 14th  day of October, 2009.

____/S/ Linda M. Tirelli_____
**Linda M. Tirelli**
**Law Offices of Linda M. Tirelli**
**202 Mamaroneck Avenue, 3rd Floor**
**White Plains, NY 10601**
**Phone: (914)946-0860 / Fax: (914)946-0870**
**Primary Email: WestchesterLegal@aol.com**