| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------- x<br>In re                                           :<br>                                              :<br>DOMINGO HERNANDEZ,     :<br>                                              :<br>                    Debtor.          :<br>------------------------------------------------------- x | Hearing Date: November 25, 2009<br>Hearing Time: 10:00 a.m.<br><br>Case No. 09-23833 (RDD)<br><br>Chapter 7 |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF THE UNITED STATES
TRUSTEE: (A) IN SUPPORT OF MOTION TO FOR SANCTIONS AND FEES AND
FOR OTHER RELIEF; AND (B) IN OPPOSITION TO THE MOTION TO SEAL**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE**:

      Diana G. Adams, the United States Trustee for the Southern District of New York (the "United States Trustee"), respectfully submits this memorandum of law: (a) in support of the motion of Domingo Hernandez (the "Debtor"), by his proposed counsel Linda Tirelli (the "Proposed Counsel"), for sanctions and fees and for other relief (the "Sanctions Motion"); and (b) in opposition to the motion to seal (the "Sealing Motion") of Cabanillas and Associates, LLP (the "Cabanillas Firm").

**I. SUMMARY OF RESPONSE**

      *The Sanctions Motion Should Be Granted*

      The United States Trustee supports the Sanctions Motion. The Cabanillas Firm has engaged in egregious conduct that directly impacts on the integrity of the bankruptcy system by filing a Chapter 7 petition without obtaining a signature of its client prior to filing the petition. The Cabanillas Firm presented to the Court a document which stated on its face that Debtor had signed it, under penalty of perjury, when the statement was patently not true.

      The Cabanillas Firm compounded its errors by filing deficient or incomplete pleadings and failing to pay the filing fees. For example, the Cabanillas Firm filed a statement of credit counseling, again falsely indicating that it was signed by the Debtor and that the credit counseling requirement under 11 U.S.C. § 109(h) does not apply in this district. The Petition was also filed without the appropriate filing fee, resulting in a motion to dismiss by the clerk of

the Court which is scheduled to be heard on the date of the Sanctions Motion. Moreover, it also appears that the Cabanillas Firm delegated core legal tasks to non-attorneys in its firm, such as the preparation of the petition, without any attorney present in the office.

The Court should award sanctions under Bankruptcy Rule 9011, and separately, under Section 329 of the Bankruptcy Code. Because this case is not an isolated case of misconduct by the Cabanillas Firm, the United States Trustee requests sanctions in the form of disgorgement of fees, as well as an award of Proposed Counsel's fees in connection with the Sanctions Motion.

*The Sealing Motion Should Be Denied*

The Court should deny the Sealing Motion, with the limited exception that any personally identifiable information of the Debtor should be redacted prior to the filing of the Cabanillas Firm's response to the Sanctions Motion. The Sealing Motion contains no discussion of 11 U.S.C. § 107. This case does not implicate confidential trade secrets. There is nothing in the response that, even if true, is scandalous or defamatory. Moreover, the Sealing Motion does not conform to the general administrative order of this Court setting forth the procedure for filing such motions and should be denied for that reason alone.[1]

## II. FACTS

The Debtor filed the petition ("Petition") on October 1, 2009 (the "Filing Date"). The Petition was filed with a Schedule F, but no other schedules, and without a statement of financial affairs or a statement of compensation under Bankruptcy Rule 2016.[2] The Debtor listed one creditor, Countrywide Bank, N.A., with an unsecured claim of $376,000. The Debtor did not file a Schedule E showing secured claims. See Zipes Decl. Ex. A (Petition).

---

[1] The United States Trustee is in discussions with the Proposed Counsel and understands that the Debtor is prepared to waive any attorney-client privilege connected to the response.

[2] On October 5, 2009, the Debtor filed an amended Schedule F, with the only change being the addition of the creditor's address.

The Debtor also filed a Statement Of Compliance With Credit Counseling Requirement ("Credit Counseling Compliance Statement"). With respect to this document, the Debtor checked that "[t]he United States Trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district." See Credit Counseling Compliance Statement, ¶ 5. A copy of the Credit Counseling Compliance Statement is attached as Exhibit B.

*The Sanctions Motion*

The Debtor, by his Proposed Counsel, filed the Sanctions Motion on October 14, 2009. The Sanctions Motion sought to strike the Petition and to impose sanctions on the Cabanillas Firm. In the Sanctions Motion, the Debtor contended that the Cabanillas Firm filed the Petition without the knowledge, consent or authority of the Debtor, and indeed without first obtaining the signature of the Debtor. See Zipes Decl. Ex. C (Sanctions Motion) at ¶ 11. The Debtor also noted several problems with the Petition, including that the Debtor's name improperly included "Sr."; the Debtor's home address was incorrect; and the Petition did not contain the proper schedules. Id. at ¶ 4. Morever, the Debtor, through the Proposed Counsel, questioned the decision to file this case under Chapter 7 of the Bankruptcy Code, as the Debtor "would like to retain his real estate and cure mortgage arrears. . . ." Id., at ¶ 4(e).

The Debtor sought to strike the Petition as "the Debtor does not wish to seek protection under Chapter 7 of the US Bankruptcy Code at this time and does not wish to be precluded from seeking Bankruptcy protection under Chapter 7 in the future as circumstances may require." Id. at ¶ 10. The Debtor requested that the Court award damages against the Cabanillas Firm or its individual attorneys. Id. at ¶ 15.

*The United States Trustee Letter To The Cabanillas Firm*

By letter dated October 13, 2009 (the "October Letter"), the United States Trustee requested certain information from the Cabanillas Firm about this case and other cases. With respect to this case, the October Letter recited that the United States Trustee had received an

email from Proposed Counsel dated October 12, 2009. Among other things, Proposed Counsel stated that the Debtor never met with an attorney at the Cabanillas Firm and never signed the Petition. See Zipes Decl. Ex. D (October Letter with email attachment). The United States Trustee requested a response by October 22, 2009. Id.[3] The United States Trustee later extended the time to respond to November 6, 2009. See Zipes Decl. at ¶ 5.

*The Cabanillas Firm's Letter, The Cabanillas Firm's Response To the Sanctions Motion, and the Cabanillas Firm's Sealing Motion*

By letter dated November 5, 2009 (the "November Letter"), the Cabanillas Firm responded to the United States Trustee. With respect to this case, the November Letter simply attached a response of the Cabanillas Firm to the Sanctions Motion (the "Response"). "It is anticipated that said Response answers your requests regarding explanation [sic] for Mr. Hernandez." See Zipes Decl. Ex. E.

### III. STATEMENT OF THE UNITED STATES TRUSTEE

**A.    The Court Should Grant The Sanctions Motion**

1. *Sanctions Are Appropriate Under
Bankruptcy Rule 9011 And The Court's
Inherent Power to Sanction Parties For Improper Conduct*

Bankruptcy Rule 9011 provides:

(b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; . . .

Fed. R. Bankr. P. 9011; In re Rainbow Magazine, Inc., 77 F.3d 278, 282 (9th Cir. 1996) ("Rule 9011 allows a bankruptcy court to sanction attorneys, parties and individuals that file bad-faith documents before the court.").

---

[3]The October Letter was sent before the Sanctions Motion was filed.

Here, the Cabanillas Firm filed the Petition without the authority of its client. Federal Rule of Bankruptcy Procedure 9011 provides that an attorney filing a petition or other paper with the court is certifying certain representations, including that the filing was not presented for an improper purpose and that the claims presented therein were warranted by existing law. In re Wenk, 296 B.R. 719, 725 (Bankr. E.D. Va. 2002).[4] In failing to obtain the Debtor's signature prior to filing the Petition, the Cabanillas Firm also violated two local rules. Local Rule 9011-1(b) requires a copy of the pleading with the original signature to be maintained in the attorney's files. General Order M-242 requires that "[t]he hard copy of the originally executed document shall be maintained by the filer for the later of two years or the entry of a final order terminating the case or proceeding to which the document relates." See Order signed on January 19, 2001 by Chief Judge Stuart M. Bernstein Re: Electronic Means for Filing, Signing, and Verification of Documents, Exhibit 1 at ¶ II(C)(2).

Noting that Bankruptcy Rule 9011 expressly prohibits attorneys from signing a debtor's name to the lists, schedules and statement of financial affairs, and that Bankruptcy Rule 1008 requires that these documents be verified by the debtor, the Wenk court found that the filing attorney violated Bankruptcy Rule 9011, subject to sanctions, "because there could not have been a belief that the filing of a petition with what amounts to a forged debtor's signature. . . was proper or warranted under existing law...." Id. at 728. See also In re Alvarado, 363 B.R. 484, 492 (Bankr. E.D. Va. 2007) (attorney found to be in contempt for electronically filing a petition that stated on its face that it had been signed by the debtor when it had not); In re Phillips, 317 B.R.

---

[4] The "safe harbor" provision of Rule 11 does not apply if the sanction relates to the filing of a petition. See Bankruptcy Rule 9011(c)(1)(A) ("[t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)") (emphasis added). See Levey v. Kesser Cleaners Corp., 2007 WL 2177048 * 3 (E.D.N.Y. July 27, 2007) (affirming the decision of the Honorable Dennis E. Milton).

518, 524 (B.A.P. 8th Cir. 2004) (attorney violated Rule 9011 and court's CM/ECF administrative procedures by electronically filing a case on behalf of an individual who had not signed a petition).

In Phillips, the Court rejected the attorney's claim that the debtor, while not signing the petition, nevertheless authorized the bankruptcy filing. Phillips, 317 B.R. at 523. The attorney argued that it was "objectively" reasonable to believe that he had the authority of his client. Id. The Court rejected this position, noting that "[b]y signing the voluntary petition, the debtor is not authorizing the filing, but rather verifying, under penalty of perjury, that the information provided is correct. The debtor must read and sign every petition because each contains information unique to that filing. This is true regardless of how urgent the need may appear to be." Id. Without the verification, "the factual contentions have no evidentiary support and thus the petition violates Rule 9011(b)(3)." Id. at 524.

Other conduct of the Cabanillas Firm is sanctionable under Bankruptcy Rule 9011. For example, the Cabanillas Firm caused the Debtor to file a document certifying that the "[t]he United States Trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district." See Zipes Dec. Ex. B (Credit Counseling Compliance Statement), ¶ 5.

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), an individual may not be a debtor unless that individual has, during the 180-day period preceding the date of filing of the petition by such individual, received an individual or group briefing from an approved nonprofit budget and credit counseling agency that outlined the opportunities available for credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). Under exigent circumstances satisfactory to the court, an individual may extend the time period for receiving the approved agency's budget and credit counseling services to 30 days after the date of filing the petition. 11 U.S.C. § 109(h)(3)(A). Thereafter, a debtor may seek from the Court an additional 15 day exemption of the requirement

6

to receive the budget and credit counseling services.  11 U.S.C. § 109(h)(3)(B).  Extensions beyond this additional 15 day period are not permitted under § 109(h)(3)(B).  Id.

Courts in this district have found that an untimely filed certificate of credit counseling does not allow an individual to qualify as a debtor.  For example, in In re Rios, 336 B.R. 177 (Bankr. S.D.N.Y. 2005), the debtor filed a certificate of credit counseling 29 days after he commenced his chapter 7 case, without first having filed a request for an extension.  Id. at 178.  Despite the fact that the debtor had filed a credit counseling certificate, the court found that the debtor could not qualify as a debtor under the Bankruptcy Code.  Id. 180.  The court held that the debtor "was ineligible for bankruptcy relief."  Id.  Therefore, it is clear that the Cabanillas Firm's failure to file the Petition with the appropriate credit counseling certificate, and the Credit Counseling Compliance Certificate's incorrect statement that there is no such requirement, is sanctionable conduct.  Further, by failing to file proof of credit counseling and failing to request an extension of time, the Cabanillas Firm has placed the Debtor's case in the position that it will be dismissed.

The Cabanillas Firm's failure to pay a filing fee is likewise sanctionable under Bankruptcy Rule 9011.  Alvarado, 363 B.R. at 491 ("The Court finds that Mr. Jones failed to adhere to the minimum standards of conduct required by an attorney practicing in this court by failing to pay the filing fee when he filed the Debtor's original petition.").

This case does not represent an isolated example of misconduct by the Cabanillas Firm.  In the October Letter, the United States Trustee also inquired about other cases filed by the Cabanillas Firm.  See Zipes Decl. Ex. D.  The Cabanillas Firm has acknowledged that it improperly filed the case of In re Conot, Case No. 09-23096 (RDD) as a Chapter 13 case.  See Zipes Decl. Ex. E (In the November Letter, the Cabanillas Firm stated that "this case was initially filed under Chapter 13 of the Bankruptcy Code based on incorrect information.  When all information was submitted and corrected, it became apparent that Mr. Conot did not, in fact, qualify under Chapter 13 of the Bankruptcy Code . . .").

Rule 9011(c)(2) indicates that a sanction imposed for a violation of the rule will be limited to that amount which is sufficient to deter repetition of the conduct or conduct. Schwartz v. Kujawa (In re Kujawa), 270 F.3d 578, 584 (8th Cir.2001); Kesser Cleaners Corp., 2007 WL at * 5. As demonstrated by the Response, the Cabanillas Firm believes that it did nothing wrong in the case. The above demonstrates that, to the contrary, the Cabanillas Firm committed several egregious acts, including: (a) a failure to obtain the Debtor's signature prior to filing the Petition; (b) a failure to properly complete the Credit Counseling Compliance Statement; (c) a failure to pay the filing fee; (d) a failure to file complete schedules; and (e) a failure of a Cabanillas Firm attorney to review the Petition with the Debtor before the filing of the Petition. In addition, as stated above, the Cabanillas Firm has engaged in misconduct in at least one other case.

Therefore, the United States Trustee recommends: (a) the disgorgement of all fees by the Cabanillas Firm in this case and in the case of Conot; (b) fees and costs of the Proposed Counsel be awarded in this case; and (c) the Cabanillas Firm be directed to provide the United States Trustee with a list of all cases filed by the Cabanillas Firm in the Bankruptcy Court for the Southern District of New York for the past two years, with a further status conference to discuss next possible steps after the United States Trustee has had an opportunity to review these cases. The United States Trustee also requests clarification as to whether the Cabanillas Firm uses an outside service to prepare its bankruptcy petitions.

This Court has additional bases to impose sanctions. Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct. In re Rainbow Magazine, Inc., 77 F.3d 278, 283-84 (9th Cir. 1996). It follows that the bankruptcy court is vested with the inherent power to sanction attorneys for breaches of fiduciary obligations. See In re Arlan's Dep't Stores, Inc., 615 F.2d 925, 943 (2d Cir. 1979). This Court therefore has the power to award the sanctions suggested above under its inherent authority as well as Bankruptcy Rule 9011.

2. *The Court Should Deny Fees Under 11 U.S.C. § 329 And Bankruptcy Rules 2016 And 2017*

Although Bankruptcy Rule 9011 provides an appropriate avenue to award sanctions, other provisions of the Bankruptcy Code provide alternative bases for relief. The Cabanillas Firm's fees are subject to review under Section 329. Section 329(b) provides:

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
>
> (1) the estate, if the property transferred--
>
> > (A) would have been property of the estate; or
> >
> > (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>
> (2) the entity that made such payment.

11 U.S.C. § 329.

Section 329 "was enacted because 'payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.'" In re Campbell, 259 B.R. 615, 625 ( Bankr. N.D. Ohio 2001) (quoting H.R. Rep. No. 95-595, at 329 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6285); see also In re Jackson, 401 B.R. 333, 339 (Bankr. N.D. Ill. 2009). It, along with Rule 2016(b) enables courts to carefully scrutinize compensation paid to debtors' attorneys, providing protection to debtors and creditors and preventing overreaching by attorneys. Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.), 210 B.R. 844, 848 (B.A.P. 10th Cir. 1997).

The burden of proof is on the attorney to show that any compensation he or she has received is reasonable. In re Ostas, 158 B.R. 312, 323 (Bankr. N.D.N.Y. 1993). An attorney's failure to adequately represent a debtor in a Chapter 7 case warrants the return of the fee paid by the debtor. In re Grant, 14 B.R. 567 (Bankr. S.D.N.Y. 1981). The services rendered by the

9

Cabanillas Firm to the Debtor in this case warrant denial of all compensation as the Cabanillas Firm failed to provide competent representation to the Debtor.

In making the "reasonable value" determination for counsel to a Chapter 7 debtor under section 329(b), the bankruptcy court is to be guided by section 330 of the Bankruptcy Code, which sets forth a number of factors that Congress deemed relevant to an assessment of the value of professional services. In re Geraci, 138 F.3d 314, 318 (7th Cir. 1997) cert. denied, 525 U.S. 821 (1998). One relevant factor is "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(F); see also In re Brous, 370 B.R. 563, 569 (Bankr. S.D.N.Y. 2007).

The Debtor did not get adequate legal representation and the Debtor is entitled to a full refund from the Cabanillas Firm. See In re Butchman, 13 B.R. 452, 455 (Bankr. S.D.N.Y. 1980)(Court held that attorney had to disgorge fee where counsel did not represent client competently, due, in part, to counsel's delay in filing petition); In re Basham, 208 B.R. 926, 932-3 (9th Cir. BAP 1997)(Court held disgorgement of fee by counsel was appropriate where counsel assisted debtors in filing their petitions and then left them to represent themselves), aff'd, In re Byrne, 152 F.3d 924 (9th Cir. 1998).

For the same reasons noted above for imposing sanctions, the Court can deny the Cabanillas Firm's fees as the services rendered are not reasonable under the circumstances. Here, the Cabanillas Firm has provided inferior services leading to the current state of affairs. The Cabanillas Firm acknowledged that it filed the Petition without first obtaining a signature of the Debtor. See Zipes Decl. (describing the affidavit of Christopher R. Cabanillas sworn to on November 5, 2009) at ¶ 8. Further, the Petition showed that the Debtor did not meet with an attorney on the morning that the Petition was prepared. Id. at ¶ 8.

The Petition contains obvious deficiencies. For example, the Petition did not list the mortgage debt as a secured debt. See Zipes Decl. Ex. A (Petition). More fundamentally, Chapter

7 is not the appropriate option in a case in which the Debtor seeks to save real property. The Debtor, by the Proposed Counsel, questioned the decision to file this case under Chapter 7 of the Bankruptcy Code, as the Debtor "would like to retain his real estate and cure mortgage arrears. . . ." Id., at ¶ 4(e).

Moreover, the Cabanillas Firm did not file a Bankruptcy Rule 2016 statement. The disclosure of fees under section 329 and the Bankruptcy rules "is mandatory, not permissive." In re Wood, 408 B.R. 841, 848 (Bankr. D. Kan. 2009) (citing Turner v. Davis, Gillenwater & Lynch (In re Inv. Bankers, Inc.), 4 F.3d 1556, 1565 (10th Cir. 1993)). An attorney must "lay bare all [his] dealings" with the debtor concerning compensation. In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991). The disclosures he makes must be "precise and complete." In re Berg, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006) (internal quotation omitted). "Coy or incomplete disclosures" that force the court "to ferret out pertinent information" will not do, Saturley, 131 at 517; see also Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877, 881 (9th Cir. 1995), even if they are merely the result of negligence or inadvertence. Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.), 210 B.R. 844, 848-49 (B.A.P. 10th Cir. 1997). Very simply, "[a]nything less than the full measure of disclosure" is unacceptable. Saturley, 131 B.R. at 517; Jackson, 401 B.R. at 339-40; see, e.g., Griffin, 313 B.R. at 764 (holding that "courts recognize the duty of voluntary and complete compliance with Rule 2016(b) and § 329(a)" and courts are not required to "'mine' or otherwise search for any potential violation of the applicable rule.") (internal citations omitted).

"The 'failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rules[,]' [and s]anctions may also be imposed for negligent or inadvertent failures to disclose." Campbell, 259 B.R. at 627 (quoting Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877, 880 (9th Cir. 1995)); see also In re Kowalski, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009) ("Failure to disclose (in this case, fully and

11

accurately disclose) is sanctionable."). Because of the obvious deficiencies in this filing, and because of the failure to file the Bankruptcy Rule 2016 statement, the Court should order disgorgement and sanctions as outlined above.

**b.    The Court Should Deny the Sealing Motion**

*1.    Public Policy Favors Open Access
To Bankruptcy Case Proceedings*

Federal Rule of Bankruptcy Procedure 5001(b) provides, in pertinent part, as follows: "All trials and hearings shall be conducted in open court and so far as convenient in a regular court room." See In re Global Crossing Ltd., 295 B.R. 720, 723-24 (Bankr. S.D.N.Y. 2003). Thus, arties seeking to deny public access to court documents must overcome a strong presumption. Neal v. The Kansas City Star (In re Neal), 461 F.3d 1048, 1053 (8th Cir. 2006); Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 6 (1st Cir. 2005).

In the bankruptcy context, the general rule of open access is set forth in Section 107(a) of the Bankruptcy Code, which provides, in part, that subject to certain limited exceptions: "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). See In re Food Management Group, LLC, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) (section 107 reflects Congress' intent to favor public access to papers filed with the Bankruptcy Court).

The policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences the strong desire of Congress to preserve the public's right of access to judicial records in a bankruptcy proceeding. In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir.1994); In re Barney's, Inc., 201 B.R.703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases"); In re Alterra Healthcare Corp., 353 B.R. 66, 74 (Bankr. D. Del. 2006) ("Congress has codified the historical practice of open access in bankruptcy").

12

### 2. The Denial Of Public Access Is An Extraordinary Remedy That Is Appropriate Only Under Very Limited Circumstances

Limited exceptions to the general rule are contained in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. See, generally, Food Management, 359 B.R. at 553-55. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides in relevant part that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under the Bankruptcy Code Section 107(b) and provides as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

As a limited exception to the rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code, Section 107(b) and Rule 9018. Food Management, 359 B.R. at 561; In re Fibermark, Inc., 330 B.R. 480 (Bankr. D. Vt. 2005). Courts do not lightly ignore their mandate to conduct open proceedings. A party that invokes Section 107(b) must demonstrate that "compelling circumstances" are present before a court will deviate from the rule that "all documents filed in bankruptcy cases should be available to the public." In re Hemple, 295 B.R. 200, 202 (Bankr. D. Vt. 2003); Food Management, 359 B.R. at 561.

13

In light of the general rule that "the public has a right to know," the sealing of records "is a highly unusual and extraordinary remedy." In re Eric Associates V, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985). While "not absolute," "the right of public access to court records is firmly entrenched and well supported by policy and practical considerations...." Orion, 21 F.3d at 27. Therefore, "documents which are part of the court record should not remain under seal absent the most compelling reasons." Fibermark, 330 B.R. at 503-04. The inquiry then is whether the moving party has met its burden for keeping documents "out of the public domain." Id. at 504.

The strong presumption of openness does not permit the routine closing of judicial records to the public, and the party seeking to seal any part of a judicial record bears the heavy burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking closure. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3d Cir. 1984). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected, make specific findings on the record concerning the effects of the disclosure, and provide an opportunity for interested third parties to be heard. Id. at 1072.

Moreover, to make the difficult case that the facts at hand should lead to the extraordinary remedy of hiding documents from public view, the moving party must "clearly define[]" the "serious injury" that would ensue from public disclosure of the documents. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). Vague allegations that public access to documents would cause hardship are not sufficient to defeat the clear public policy embodied in Section 107(a). See id. ("specificity is essential" for party seeking to deny public access).

Here, there is no commercial reason to suppress the information in the Response. Although the Cabanillas Firm does not explain the need for a Sealing Motion, the only possible basis for the Sealing Motion is to protect against scandalous or defamatory matter. However, as noted above, much of the Response contains completely irrelevant information. For example,

Cabanillas should not have filed the Petition even if the following facts, as alleged by the Cabanillas Firm in the Response, are actually true:

    (A) the Debtor promised to sign the Petition after the Petition was filed.

    (B) the Debtor promised to return a credit counseling certificate after the Petition was filed.

    (C) the Debtor promised to pay the filing fee after the Petition was filed.

The Cabanillas Firm's affidavits submitted as part of the Response contain inconsistent information (for example, the non-admitted attorney working on the Petition with the Debtor stated that he filed the Petition, while in Mr. Cabanillas' affidavit, Mr. Cabanillas stated that he filed the Petition). The Response should be a part of the public record. To the extent the Court is not willing to award sanctions without further discovery, any personally identifiable information of the Debtor, such as the Debtor's social security number and other information contained in the definition under 11 U.S.C. § 101(41A) should be redacted consistent with the Southern District of New York Court's warning on the sign-on page for ECF access.

    3.    *The Sealing Motion Should Be Denied For Failing To Comply With Local Rules*

The Sealing Motion should be denied for the further reason that the Cabanillas Firm did not comply with local rules. Specifically, the Sealing Motion has no return date as required under Local Rule 5070-1, which states that "[u]nless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers." Moreover, General Order M-242 governs the filing of motions under seal. "A motion to file documents under seal (but not the documents themselves) shall be filed electronically. If the motion itself contains confidential information, the movant shall serve and file electronically a redacted version clearly marked as such, and submit an unredacted version *in camera*. If requested by the Court, the movant shall deliver hard copies of the documents proposed to be filed under seal to the presiding judge for *in camera* review." See Order signed on January 19, 2001 by Chief Judge Stuart M. Bernstein Re: Electronic Means for

Filing, Signing, and Verification of Documents, Exhibit 1 at ¶ III(A). The Sealing Motion did not adhere to the local rules. It did not contain a return date and was not filed in unredacted form. It should therefore be denied.

    WHEREFORE, the United States Trustee respectfully requests that the Court grant the relief requested.

Dated: New York, New York
       November 16, 2009

                                            Respectfully Submitted,

                                            DIANA G. ADAMS
                                            UNITED STATES TRUSTEE

                        By:    /s/ Greg M. Zipes
                                Greg M. Zipes (GMZ-4539)
                                Trial Attorney
                                33 Whitehall Street
                                21st Floor
                                New York, New York 10004
                                Tel. No. (212) 510-0500