SUPREME COURT STATE OF NEW YORK
COUNTY OF Westchester

| | |
|---|---|
| THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OC8<br><br>Plaintiff,<br><br>vs.<br><br>DOMINGO HERNANDEZ A/K/A DOMINGO A. HERNANDEZ, MORTGAGE ELECTRONIC REGISTRATION SYSYTEMS, INC., AS NOMINESS FOR COUNTRYWIDE BANK, N.A., BANK OF AMERICA, N.A., THE PEOPLE OF THE STATE OF NEW YORK and "John Doe #1 through John Doe #10", inclusive the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the persons, tenant, occupants, or corporations, if any, having or claiming an interest in or lien upon the mortgaged premises described in the complaint,<br><br>Defendant(s). | Index No.: 03295-09<br><br>NOTICE OF APPEARANCE, VERIFIED ANSWER, SET-OFFS AND COUNTERCLAIMS<br><br> |

**PLEASE TAKE NOTICE** that defendant, **DOMINGO HERNANDEZ**, (hereinafter, the "Defendant") hereby appears in this proceeding and that the undersigned has been retained as attorney for Defendant and demands that you serve all papers upon the undersigned at the address stated below.

**PLEASE TAKE FURTHER NOTICE** that Defendant without waving any defense which may exist and to which he/she may be entitled, hereby interposes the following answer to the Complaint herein: Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraphs 1, 2, 3, 4, 7, 8, 9, 10, 11, 12 and 13and Defendant denies the allegations contained in paragraphs 5 and 6.

## CLARIFICATION OF RESPONSIBLE PARTY

1. Although Plaintiff, **THE BANK OF NEW YORK** did not originate the disputed mortgage, when Plaintiff, through alleged assignment from **COUNTRYWIDE BANK**, became the owners of said mortgage, Plaintiff became responsible for any actions committed by **COUNTRYWIDE BANK** during every stage of the loan process with the Defendant. In the following arguments, when we refer to the various actions of the Plaintiff, we do so with the understanding that **COUNTRYWIDE BANK** committed the actions, and that **THE BANK OF NEW YORK,** as successor in interest, is now liable for those actions.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

## PLAINTIFF LACKS JURISDICTION

2. Plaintiff failed to comply with the notice provision requirements pursuant to CPLR § 308 and with the ancillary notice provisions of the subject mortgage. As such, personal service is lacking.

3. Thus, there is a failure to establish jurisdiction over and in this matter.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

## NON COMPLIANCE WITH 1303 NOTICE

4. Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 3 as if set forth in their entirety herein.

5. That upon information and belief, the Plaintiff failed to comply with section 1303 of the Real Property Acts which requires that the foreclosing party in a mortgage foreclosure action provide notice to the mortgagors in accordance with the provisions of such section with regard to information and assistance about the foreclosure process.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

### PLAINTIFF LACKS STANDING

6. Defendant repeats and realleges the response set forth in ¶ 1 to 5 above as if set forth herein.

7. That the Plaintiff has failed to properly and adequately set forth the means and timing by which the current party Plaintiff allegedly acquired proper corporative possessive rights in and to the mortgage and note herein, and, thus, plaintiff therefore lacks standing to bring this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

### VIOLATION OF FEDERAL AND STATE BANKING LAW

8. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 7 as if set forth in their entirety herein.

9. That upon information and belief, the alleged loan is secured by the defendant's principle residence.

10. That upon information and belief, the Plaintiff has failed to deliver to the Defendant the disclosures required under the Truth in Lending Act before the closing.

11. Therefore, as Plaintiff is in violations of pertinent Federal and State banking law, this action should be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

### VIOLATION OF DECEPTIVE PRACTICES ACT

12. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 11 as if set forth in their entirety herein.

13. That upon information and belief, Plaintiff, and/or through its agents which originated loans on behalf of Plaintiff, violated the Deceptive Practices Act (NY Gen. Bus. 349) by

extending credit to the Defendant with knowledge that Defendant could not afford to make the scheduled repayments of the loan, thus causing the indebtedness not to be payable by the Defendant.

14. That, upon information and belief, Plaintiff and its agents would routinely act in concert to make loans to borrowers, such as the Defendant, who could not afford to make the payments; as the loan would be sold on the secondary market and therefore securitized thus shifting the risk of loss from default to someone other than the originator or the loan. This would permit the originating bank to generate upfront fees without concern as to the future default by a borrower.

15. Thus, in violation of the Deceptive Practices Act (NY Gen. Bus. Sec. 349), Plaintiff extended credit to the Defendant with knowledge that the Defendant would likely not make the scheduled repayments of the loan, for the purpose of foreclosing on Defendant's home.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### AND FIRST COUNTERCLAIM; PREDATORY LENDING

16. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 15 as if set forth in their entirety herein.

17. That upon information and belief, the Plaintiff has violated the Mortgage Reform and Anti-Predatory Lending Act of 2007, the Home Equity Protection Act, as well as other state laws against predatory lending, including but not limited to, in the following manner:

(a) By making a residential mortgage loan to the Defendant without making a reasonable and good faith determination that the Defendant had a reasonable ability to repay such loan(s);

(b) By making such a mortgage loan without establishing that such loan will provide a net benefit to borrower;

(c) By making a mortgage loan to Defendant, and requiring said Defendant to personally guaranty same, with the knowledge that he would be unable to repay same, as set forth herein, solely for the purpose of foreclosing upon same residential property and acquiring such foreclosed property that they considered valuable;

(d) By encouraging Defendant to enter into the subject mortgage loan without ensuring that they received pre-loan counseling; and

(e) By thus encouraging Defendant to default on the stated mortgage.

18. Defendant is entitled to a rescission of the contract as a result of Plaintiff's actions, inactions, and/or failure to perform the contract as promised.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE
### AND SECOND COUNTERCLAIM; FRAUDULENT INDUCEMENT

19. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 18 as if set forth in their entirety herein.

20. Upon information and belief, **THE BANK OF NEW YORK** fraudulently induced the Defendant to enter into the purported subject Mortgage and Note by warranting and promising said Defendant that, if they agreed to the terms of the Mortgage/Note, the Plaintiff would never exercise any rights pursuant to the personal guaranties and never take the home of the Defendant in foreclosure.

21. **THE BANK OF NEW YORK** failed to act in accord with the above-stated inducements by commencing this foreclosure action on the Defendant's principle residence and/or enforcing its rights pursuant to any executed guaranties.

22. The Defendant has been seriously damaged by the fraud of the Plaintiff in an amount to be determined at trial.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### FIRST SET-OFF AND THIRD COUNTERCLAIM; OVERCHARGES

23. Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 22 as if set forth in their entirety herein.

24. That upon information and belief, the Plaintiff has overstated and thereby overcharged the alleged monthly mortgage and finance charges.

25. Defendants are entitled to a set-off of all overstated payments at an amount to be determined at trial.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### SECOND SET-OFF AND FOURTH COUNTERCLAIM; STATUTORY DAMAGES

26. Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 25 as if set forth in their entirety herein.

27. That upon information and belief, the Plaintiff failed to give the aforementioned disclosures as stated supra.

28. The Plaintiff's failure to make disclosures required by the Truth in Lending Act gives the Defendants rights under 15 U.S.C. § 1635 and § 1640 of the statute to rescind the mortgage agreement and to set-off the Plaintiff's claim by the amount of their actual and statutory damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND
### FIFTH COUNTERCLAIM; BREACH OF CONTRACT

29. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 28 as if set forth in their entirety herein.

30. That upon information and belief, the Plaintiff breached its implied duty of good faith and fair dealing in that said Plaintiff provided the Defendant with a dangerous "subprime" note/mortgage that it knew would leave said Defendants with an unsustainable amount of debt service.

31. That upon information and belief, Plaintiff, through its mortgage broker agent, promised Defendant that it would refinance said loan following one year from the date of the initial note/mortgage, yet could not provide such refinance as promised.

32. That upon information and belief, the Plaintiff's conduct, as described and set forth herein supra, was unconscionable as well as being in breach of Plaintiff's implied duty of good faith and fair dealing in that said Plaintiff provided the Defendants with illusory promises.

33. Defendant is entitled to a rescission of the contract as a result of Plaintiff's actions, inactions, and/or failure to perform the contract as promised.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE AND
### SIXTH COUNTERCLAIM; NEGLIGENCE

38. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 37 as if set forth in their entirety herein.

39. That upon information and belief, the Plaintiff, **THE BANK OF NEW YORK,** had actual and/or constructive knowledge that:

    a. The Defendant was not sophisticated in financial matters.

    b. The Defendant was relying on Plaintiff to refinance the current loan because the current terms were too difficult.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE AND
### SEVENTH COUNTERCLAIM; NEGLIGENCE INVOLVING MORTGAGE PRACTICES

40. Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 39 as if set forth in their entirety herein.

41. The Plaintiff, **THE BANK OF NEW YORK,** upon information and belief would pay mortgage brokers to originate loans for them.

42. The Plaintiff, **THE BANK OF NEW YORK**, upon information and belief would make more money from and therefore would pay greater commissions to mortgage brokers that generated, subprime mortgages from unsophisticated borrowers.

43. The Plaintiff, **THE BANK OF NEW YORK** owed the Defendant borrower the duty of reasonable and ordinary care in promoting and making the loan, a duty to warn of the downside and financial perils associated with subprime mortgage, and a duty to comply with Federal and State banking and consumer protection laws.

44. The Plaintiff, **THE BANK OF NEW YORK,** had a common law duty and/or a duty imposed by statute, rule or regulation, to properly warn the Defendant and/or notify the Defendant of the potential increased payments and other financial hazards associated with a subprime mortgage.

45. The Plaintiff, **THE BANK OF NEW YORK,** negligently and/or knowingly failed to warn the Defendant of the financial hazards involved in obtaining a subprime mortgage.

46. The Plaintiff, **THE BANK OF NEW YORK,** failed to properly supervise the deceptive mortgage origination practices of the mortgage broker which it relied upon to originate the subject loan.

47. Thus the Plaintiff breached its duty to Defendant and therefore caused great harm to Defendant in an amount to be determined at trial.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE AND EIGHTH COUNTERCLAIM; NEGLIGENCE INVOLVING MORTGAGE REASSIGNMENT PRACTICES

48. During the housing and mortgage boom, under information and belief, Plaintiff directly and/or through its agent mortgage brokers, routinely preyed upon unsophisticated immigrant borrowers.

49. During the housing and mortgage boom, under information and belief, Plaintiffs routinely sold their loans to the secondary market and therefore would not suffer the loss if the loan eventually went into default.

50. During the housing and mortgage boom, under information and belief, the mortgage brokers with whom the Plaintiff routinely worked with and relied on for originations would almost universally fill out the stated loan applications on the behalf of unsophisticated immigrant borrowers and would insert misrepresentations on those applications to make the borrower appear to be a stronger candidate than they really were.

51. The financially unsophisticated Defendant, **DOMINGO HERNANDEZ**, was financially ruined and otherwise injured as a result of the Plaintiff's, **THE BANK OF NEW YORK'S,** negligence, carelessness, recklessness, and willful disregard of their common law duty and the negligent and/or knowing violations of the applicable Federal and State Banking, Mortgage and Consumer Protection Laws.

52. As a direct and proximate result of Plaintiff's, **THE BANK OF NEW YORK,** negligence, recklessness and their intentional acts and omissions, the financially unsophisticated immigrant Defendant, **DOMINGO HERNANDEZ** sustained injuries to her credit and has been caused to suffer through relentless calls and threatening communications from the collection representative and foreclosure attorneys and has suffered severe mental anguish as a result thereof, and as a result of the injuries sustained by the Defendant, Defendant was caused to seek legal advice, medical care and attention.

53. Plaintiff, **THE BANK OF NEW YORK** is liable to the Defendant for all damages, costs and expenses, attorney's fees and penalties provided by the Federal and Tate Statute(s), Rule(s) and Regulation(s).

**WHEREFORE**, Defendants demand judgment against the Plaintiff dismissing the complaint herein; rescission of the subject mortgage and loan; and a return of all of the Defendants' payments made pursuant to such fraudulently induced mortgage/note, including statutory interest thereupon; and a judgment in the amount to be determined at trial as and for each of Defendants' Set-Offs and Counterclaims, and reasonable attorney's fees; and for such other, further and additional relief as this Court may seem just and equitable, including punitive damages for the fraudulent deeds of the Plaintiff; together with the costs and disbursements of this action.

Dated: White Plains, NY
March 16, 2009

X _____
Christopher R. Cabanillas, Esq.
(Rule 130-1.1)
Attorney for Defendant Andrea Wilson
149 Grand Street Bar Building
White Plains, NY 10601-4805

Tel.: (914) 220-8272
Fax: (914) 220-8274 (Not for Service)

To: Jason E. Brooks, Esq.
McCabe, Weisberg & Conway, P.C.
Attorneys for Plaintiff
145 Huguenot Street,
Suite 310
New Rochelle, NY 10801
(914) 636-8900

## VERIFICATION

I, Christopher R. Cabanillas, being duly admitted to practice before the Courts of the State of New York, under penalties of perjury, do affirm as follows:

I am the attorney of record for the within Defendant; I have read the annexed Answer and know the contents thereof and the same are true to my knowledge, except those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon documents and files available to affirmant.

The reason I make this affirmation instead of the Defendant's is that the Defendant was not in the county that my office is located in when this answer was sent out, to wit: Westchester County.

Dated: White Plains, New York
      April 6, 2009

_____
Christopher R. Cabanillas, Esq.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF WESTCHESTER

|   |   |
|---|---|
| THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OC8<br><br>Plaintiff,<br><br>vs.<br><br>DOMINGO HERNANDEZ A/K/A DOMINGO A. HERNANDEZ, MORTGAGE ELECTRONIC REGISTRATION SYSYTEMS, INC., AS NOMINESS FOR COUNTRYWIDE BANK, N.A., BANK OF AMERICA, N.A., THE PEOPLE OF THE STATE OF NEW YORK and "John Doe #1 through John Doe #10", inclusive the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the persons, tenant, occupants, or corporations, if any, having or claiming an interest in or lien upon the mortgaged premises described in the complaint,<br><br>Defendants. | Index No.: 3295-09<br><br>**AFFIDAVIT OF SERVICE BY MAIL**<br><br>**ANSWER** |

State of New York        )
                         ) ss.:
County of Westchester    )

    I, Vanessa L. Williams, being duly sworn, depose and states as follows:

    That deponent is an employee of Cabanillas & Associates, a service provider for Christopher R. Cabanillas, attorney for the Defendant in the above entitled action and resides in the State of New York. That Deponent is not a party to this action and is over the age of 18 years.

That on the 6th day of April, 2009, Deponent served a true copy of the Notice of Appearance, Answer and attached Exhibits on the attorneys and persons whose names, representation and designated addresses appear below or as shown on the attached by depositing a true copy of same, enclosed in a postpaid properly wrapped, in an official postal depository box at 111 Dr. Martin Luther King, Jr. Blvd, within the State of New York.

The foregoing statements are true, under penalty of perjury.

Dated: White Plains, NY
April 6, 2009

_____
Vanessa L. Williams

Subscribed and sworn to before me this 6 day of April, 2009

_____
Jan H. Riley
Notary Public
State of New York
NO. 02RI5019934
Qualified in Sullivan County
Comm. Expires 01 Nov. 2009

To: Jason E. Brooks, Esq.
McCabe, Weisbery & Conway, P.C.
145 Hugenot Street
Suite 310
New Rochelle, NY 10801