LINDA TIRELLI
COUNSEL FOR DEBTOR, PENDING COURT APPROVAL
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

| | |
|---|---|
| **IN THE MATTER OF** | CHAPTER 7 |
| | CASE NO: 09-23833 (RDD) |
| **DOMINGO HERNANDEZ,** | OBJECTION TO |
| | APPLICATION TO SEAL AND |
| | FOR EXTENSION OF TIME |
| **DEBTOR** | |

------------------------------------------------------------ X

### OBJECTION TO APPLICATION TO SEAL AND FOR EXTENSION OF TIME

**HERE COMES** the Debtor, Mr. Domingo Hernandez by and through his proposed counsel, Linda M. Tirelli, Esq. to respectfully hereby OBJECT to the Application to Seal and for Extension of Time brought by Christopher Cabanillas, Esq. on behalf of himself, his firm, Canbanillas & Associates, PC and Attorney Jan Hudgins Riley pursuant to Bankruptcy Code § 107and Federal Rule of Bankruptcy Procedure 9018.

### I. BACKGROUND

1. On or about November 6, 2009 Debtor's counsel received a hard copy of a pleading bearing the title, "Application to Seal and for Extension of Time" (hereinafter the "Motion to Seal") from Attorney Christopher Cabanillas, Attorney Jan Hudgins Riley and the firm Cabanillas & Associates, PC (hereinafter collectively referred to as "Cabanillas"). A copy of the Motion to Seal is attached hereto as Exhibit "A."

2. On or about November 6, 2009 Debtor's counsel did further receive a series of affidavits and attachments[1], presumed to be the Opposition to Debtor's Motion. The affidavits are described as follows:

    A. 13 page Affidavit of Christopher R. Cabanillas, Esq., dated November 5, 2009, notarized by Jan Hudgins Riley (Attached hereto as Exhibit "B");

---

[1] The further attachments included un-redacted documents later filed via ECF on or about November 17, 2009, prompting the undersigned to file an Ex Parte Motion for Relief Under Bankruptcy Rule 9037.

1

    B. 3 page Affirmation of Attorney Jan Hudgins Riley, dated November 5, 2009, notably not notarized (Attached hereto as Exhibit "C");

    C. 2 Page Affidavit of Atheeb Khateeb, dated November 5, 2009, notarized by Maceo McRae(attached hereto as Exhibit "D");

    D. 2 Page Affidavit of Betty Penefiel, dated November 5, 2009, notarized by Maceo McRae (attached hereto as Exhibit "E");

    E. 2 Page Affidavit of Yisel Perez, dated November 5, 2009, notarized by Maceo McRae (attached hereto as Exhibit "F");

## II. **LEGAL ARGUMENT**

3. The gravamen of the argument presented in the Cabanillas Motion to Seal, is that the pending Debtor's motion and response needs to be sealed out of public view so as to *"protect the privileged communications and confidences, if any"* as between Cabanillas and the Debtor. (see pleading para. 4)  Ironically, Cabanillas failed to redact the attached documents and failed to follow proper procedure which ultimately resulted in the filing of the same on the Court's ECF system.  The unredacted documents contain very specific identifying information which is otherwise required to be redacted as per 11 U.S.C. 101(41a) and in violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure.

4. Cabanillas ignores proper procedure for making a request to have a record sealed in a federal bankruptcy court.  Specifically, Administrative Order M-242 reads in relevant part as follows:

III. DOCUMENTS FILED UNDER SEAL
A. Motion. A motion to file documents under seal (but not the documents themselves) shall be filed electronically. If the motion itself contains confidential information, the movant shall serve and file electronically a redacted version clearly marked as such, and submit an unredacted version in camera. If requested by the Court, the movant shall deliver hard copies of the documents proposed to be filed under seal to the presiding judge for in camera review.  <u>M-242, pg. 7</u> <u>January 19, 2001 by Chief Judge Stuart M. Bernstein</u>

5. Administrative Order 242 provides a clear procedure to follow, to accommodate a request for sealing a record in the Federal Bankruptcy Court, if warranted. In the event documents contain information requiring redaction, the same can be accomplished without sealing the record. This is common practice in this Federal Bankruptcy Court which routinely handles debtor and creditor issues often requiring examination of sensitive documents.

6. Cabanillas, is further misguided as to the appropriateness of their Motion to Seal. The presumption of open access to court records is codified in § 107 of the Bankruptcy Code with exceptions carved out in §107(b).

    In the case of <u>In re: Silicon Graphics, Inc</u>. Case No. 09-11701 (MG) (Jointly Administered) United States Bankruptcy Court, S.D.N.Y.April 24, 2009, the Honorable Judge Martin Glenn indicates the requirement of compelling and extraordinary circumstances required for denying public access to records in bankruptcy cases, citing <u>Orion Pictures Corp</u>., 21 F.3d at 27

*"The § 107(b) exception to the general right of access, under "compelling or extraordinary circumstances," is narrow. See id. ("Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary."). "In most cases a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to keep this material private. Id. (sealing official documents should not be done without a compelling reason) (citing City of Hartford v. Chase, 942 F.2d 130, 135-136 (2d Cir. 1991)). In re Silicon Graphics, Inc. pg. 6 (copy attached)*

7. The attorney-client privilege Cabanillas seeks to invoke belongs to Mr. Harnandez, not the law firm nor the attorneys involved. Mr. Hernandez does not seek to invoke this privilege save for the required redaction of documents containing such information which includes his personal identification, contact information and account numbers. This position is shared by the assigned Chapter 7 Trustee, Mr.

3

Jeffrey Sapir, and Mr. Greg Zipes of the Office of the United States Trustee. In fact, this sentiment is eloquently expressed in the Opposition to the Motion to Seal filed by the United States Trustee in this case.

8. Cabanillas further failed to indicate a proper return date leaving the Debtor and other would-be respondents at a loss to know when or if the Motion to Seal was ever seriously intended to be heard before the Court. Nevertheless, as counsel to the debtor, the undersigned is compelled to respond thereby incurring additional time and expense to a case which should never have been filed in the first place.

   In reaction to this most improper Motion to Seal the undersigned spent a considerable amount of time explaining the process and issue to the debtor, discussing the case with the United States Trustee, reading and analyzing the papers submitted by Cabanillas, filing an Ex Parte Motion for Relief Under Bankruptcy Rule 9037, researching and drafting this objection and considering the position presented by the United States Trustee. The amount of time spent has been considerable and the expense should properly be endured by and assessed to Cabanillas in the Court's further determination of damages, sanctions and legal fees.

9. The Debtor further objects to the audacious request by Cabanillas for any additional time. Any undue delay in this proceeding would further prejudice the creditors and the debtor all of who are in limbo pending the disposition of this case. The only parties who might benefit from further delay would be the wrongdoers, namely Attorney Christopher Cabanillas, Attorney Jan Hudgins Riley and the firm, Cabanillas & Associates, PC.

   Debtor's motion referred to in the Cabanillas Motion to Seal is scheduled for a hearing on November 25, 2009. Debtor seeks, among other things, to strike the

petition filed by Cabanillas as it was filed without the consent or knowledge of the Debtor.  At this juncture, the Debtor is at a loss to know what to say to his creditors who have reached out to him.  Attached hereto as Exhibit "G" is a correspondence[2] received from Nissan-Infinity LT, a secured creditor with a claim <u>not</u> listed on the debtor's petition. The reason this creditor is not listed is because Cabanillas by their own admissions via affidavit, failed, neglected or otherwise refused to perform any due diligence to verify the creditors of the debtor prior to filing.  While the Debtor is technically under chapter 7 bankruptcy protection, it is by the shady underhanded ways of Cabanillas and not of the debtor's own will - but how to explain this to a creditor?   The Debtor's reputation is now tarnished and while the creditor trying to schedule post-petition payment arrangements deserves the respect of a dignified response to their inquiry, unfortunately none can be given.  Clearly it is against the best interests of the debtor and his creditors to delay a final resolution in this case any further.

---

[2] Please note the same have been properly redacted and are believed suitable for filing via ECF.

**WHEREFORE,** the debtor prays of the Court as follows:

A.  That the Application to Seal and for Extension of Time be DENIED, save for the redaction of information as otherwise required;

B.  That the Debtor have and recover against Christopher Cabanillas, Esq., his firm, "Canbanillas & Associates, P.C." and Jan Hudgins Riley, Esq. a sum to be determined by the Court all legal fees and expenses incurred by his attorney in connection with this matter, payable within 3 days of the Court's decision; and

C.  That the debtor have such other and further relief as the Court may deem just and proper.

This the 18th Day of November, 2009.

　　　/S/ Linda M. Tirelli　　　
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR, PENDING COURT APPROVAL
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**IN THE MATTER OF**                               **CHAPTER 7**
                                                                 **CASE NO: 09-23833 (RDD)**

        **DOMINGO HERNANDEZ,**
                 **DEBTOR**
---------------------------------------------------------------- X

**CERTIFICATE OF SERVICE**

      Linda M. Tirelli, Esq., hereby certifies to the Court as follows:
1. I am not a party for the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing:

"Objection to Application to Seal and for Extension of Time"

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

    United States Department of Justice
    Office of United States Trustee
    Southern District of New York
    Attn: Attorney Greg Zipes, UST
    33 Whitehall Street, 21st Floor
    New York, NY 10004

    Jeffrey Sapir, Chapter 7 Trustee
    399 Knollwood Road, Suite 102
    White Plains, NY 10603

    Christopher Cabanillas, Esq.
    c/o Cabanillas & Associates, PC
    245 Main Street, Ste. 120
    White Plains, NY 10601

    Cabanillas & Associates, PC
    245 Main Street, Ste. 120
    White Plains, NY 10601

    Attorney Jan Hudgins Riley
    c/o Cabanillas & Associates, PC
    245 Main Street, Ste. 120

White Plains, NY 10601

    4.    I have also served copies of the aforesaid on all creditors listed on the master mailing matrix, as follows:

Countrywide Bank, N.A.
PO Box 660694
Dallas, TX 75266-0694

in the same manner and method as described in paragraph number 3 above;

    5.    To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

    6.    Service as outlined herein was made within the United States of America.

This the 18th day of November, 2009.


\_\_\_\_\_/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli
202 Mamaroneck Ave, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860
Fax: (914)946-0870
Email: WestchesterLegal@aol.com